UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JONATHAN RENEE STALLINGS                    CIVIL ACTION

VERSUS                                       NUMBER: 20-1154

SHERIFF RANDY SMITH                          SECTION: "M"(5)

## REPORT AND RECOMMENDATION

This 42 U.S.C. §1983 proceeding was filed *in forma pauperis* ("IFP") by *pro se* Plaintiff, Jonathan Renee Stallings, against Defendant, St. Tammany Parish Sheriff Randy Smith. (Rec. docs. 3, 5).

Plaintiff is an inmate of the St. Tammany Parish Jail ("STPJ") since his arrest on unspecified charges on December 18, 2019. (Rec. doc. 3, p. 3). Plaintiff states that upon his admission to the STPJ, he was placed in a holding cell for 72 hours and that he was ultimately housed in that cell for 15-17 days with as many as 25 other inmates, causing that cell to be overcrowded. (*Id.* at p. 4). Plaintiff seeks $1,600,000 in damages, as well as a public apology from the St. Tammany Parish Sheriff's Office and Sheriff Smith. (*Id.* at p. 5).

As noted above, Plaintiff has instituted this suit IFP pursuant to 28 U.S.C. §1915. A proceeding brought IFP may be dismissed as frivolous under §1915(e)(2)(B)(i) if the claims alleged therein lack an arguable basis in law or fact, *Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993), or if it fails to state a claim upon which relief can be granted. 28 U.S.C. §1915(e)(2)(B)(ii). Giving the instant complaint a liberal reading, it is the recommendation of the undersigned that this matter be dismissed as frivolous and for failing to state a claim upon which relief can be granted.

Plaintiff gives no indication in his complaint of the capacity in which the named Defendant is being sued. "When a pro se plaintiff does not specify in his complaint whether

a defendant is named in his or her official or individual capacity, it is generally presumed by operation of law that the defendant is named in his or her official capacity." *Douglas v. Gusman*, 567 F.Supp. 2d 877, 888-89 (E.D. La. 2008). "'In a suit brought against a municipal official in his [or her] official capacity, the plaintiff must show that the municipality has a policy or custom that caused his injury.'" *Carter v. Strain*, No. 09-CV-0015, 2009 WL 3231826 at *2 (E.D. La. Oct. 1, 2009)(quoting *Parm v. Shumate*, 513 F.3d 135, 142 (5th Cir. 2007), *cert. denied*, 555 U.S. 813, 129 S.Ct. 42 (2008)). "'A plaintiff may not infer a policy merely because harm resulted from some interaction with a governmental entity.'" *Id.* (quoting *Colle v. Brazos County, Texas*, 982 F.2d 237, 245 (5th Cir. 1993)). Rather, the plaintiff "... must <u>identify</u> the policy or custom which allegedly caused the deprivation of his constitutional rights." *Id.* (citing *Murray v. Town of Mansura*, 76 Fed.Appx. 547, 549 (5th Cir. 2003) and *Treece v. Louisiana*, 74 Fed.Appx. 315, 316 (5th Cir. 2003)).

Measured against the foregoing standards, Plaintiff's allegations against the named Defendant in his official capacity fail to state a claim upon which relief can be granted, as he does not allege that the purported deprivation resulted from a policy or custom, nor does he identify any such policy or custom. *Carter*, 2009 WL 3231826 at *2. Viewing Plaintiff's allegations as being made against the named Defendant in his individual capacity, he fares no better because "[p]laintiffs suing governmental officials in their individual capacities . . . must allege specific conduct giving rise to a constitutional violation. This standard requires more than conclusional assertions:  The plaintiff must allege specific facts giving rise to the constitutional claims." *Id.* at *1 (quoting *Oliver v. Scott*, 276 F.3d 736, 741 (5th Cir. 2002)). This is so because "'[p]ersonal involvement is an essential element of a civil rights cause of action.'" *Id.* (quoting *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983)). Supervisory

officials like the Sheriff ". . . cannot be held liable for federal civil rights violations allegedly committed by his subordinates based merely on a theory of strict liability or vicarious liability." *Id.* (footnotes omitted). *Respondeat superior* is simply not a concept that is applicable to proceedings brought under §1983. *Harvey v. Andrist*, 754 F.2d 569, 572 (5th Cir.), *cert. denied*, 471 U.S. 1126, 105 S.Ct. 2659 (1985); *Lozano v. Smith*, 719 F.2d 756, 768, (5th Cir. 1983); *Douthit v. Jones*, 641 F.2d 345, 346 (5th Cir. 1981).

Other than identifying the Sheriff as the sole Defendant in the caption of and again on page four of his complaint, Plaintiff's principal pleading contains no allegations whatsoever regarding the Sheriff's involvement in, or even knowledge of, the matters of which he complains herein. To state a cause of action under §1983, a plaintiff must allege facts reflecting the defendant's participation and involvement in the alleged wrong. *Jolly v. Klein*, 923 F.Supp. 931, 943 (S.D. Tex. 1996)(citing *Murphy v Kellar*, 950 F.2d 290, 292 (5th Cir. 1992)). Plaintiff makes no such showing here. His allegations regarding the existence of overcrowding at the STPJ, in and of themselves, do not establish a constitutional violation, *Rue v. Gusman*, No. 09-CV-6480, 2010 WL 1930936 at *5 (E.D. La. May 11, 2010)(and cases cited therein), and decisions respecting the housing assignments of prisoners are entitled to considerable deference. *Hernandez v. Velasquez*, 522 F.3d 556, 562 (5th Cir. 2008). The allegations made by Plaintiff also fall far short of establishing the subjective and objective components of deliberate indifference that are needed in order to prevail in a prisoner conditions-of-confinement §1983 proceeding. *Herman v. Holiday*, 238 F.3d 660, 664 (5th Cir. 2001)(citing *Farmer v. Brennan*, 511 U.S. 825, 114 S.Ct. 1970 (1994)). *See also Taylor v. Woods*, 211 F.3d 240, 241 (5th Cir. 2006); *Pittman v. Allen*, No. 08-CV-0328, 2010 WL 2736961 at *3 (S.D. Miss. Jul. 9, 2010). Finally, Plaintiff's request for

compensatory damages is foreclosed under 42 U.S.C. §1997e(e), as he makes no allegation that he suffered any physical injury. *Herman*, 238 F.3d at 666.

## RECOMMENDATION

For the foregoing reasons, it is recommended that Plaintiff's suit be dismissed with prejudice pursuant to 28 U.S.C. §1915(e)(2)(B)(i) and (ii).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United States Auto. Assoc.*, 79 F.3d 1415 (5th Cir. 1996)(en banc).[1]

New Orleans, Louisiana, this  1st  day of  June , 2020.

MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE

---

[1] *Douglass* referenced the previously-applicable 10-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. §636(b)(1) was amended to extend that period to 14 days.

4